**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| ANDREW ERIC LAMER, | : | |
| | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, et al., | : | |
| | : | NO. 11-2895 |
| **Defendants.** | : | |


**M E M O R A N D U M**

GENE E.K. PRATTER, J.,                                                                    MARCH 5, 2012


Plaintiff Andrew Lamer alleges that the Defendants violated the Fair Credit Reporting

Act and the Fair Debt Collections Practices Act.  Defendant Pinnacle Credit Services, LLC filed

a motion to dismiss the claims against it pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal

Rules of Civil Procedure.  For the reasons that follow, the Court denies the motion.


**I.      FACTUAL BACKGROUND**

Mr. Lamer brings this action against Trans Union, LLC, Experian Information Solutions,

Inc., First Premier Bank, Pinnacle Credit Services, LLC, Arrow Financial Services, LLC, Cavalry

Portfolio Services, LLC, and Midland Credit Management, Inc. for various violations of the Fair

Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA").[1]   Mr.

---

[1]Mr. Lamer also brought this action against Equifax Information Services, LLC,
American Express Company, and Bank of America Corporation.  However, each of these parties
has since been dismissed from the case. (Doc. Nos. 32, 41, 51).

Lamer alleges that as a result of a purported identity theft, the Defendants have been reporting to third parties derogatory and inaccurate statements about him and information relating to accounts opened with a variety of institutions.[2]   Mr. Lamer claims that this inaccurate information reflects poorly on his credit repayment history, his financial responsibility as a debtor, and his credit-worthiness. Despite Mr. Lamer's oral and written communications to Experian, Equifax, and Trans Union representatives disputing the purported inaccurately reported information, he alleges that the companies continued to report the information to third parties and neglected to investigate the merits of his claims.  Likewise, Mr. Lamer complains that First Premier, Pinnacle, Arrow, Cavalry, and Midland failed to conduct timely and reasonable investigations of his disputes or discontinue reporting inaccurate information to third parties after being contacted by both him and the credit reporting agencies.

On April 29, 2011, Mr. Lamer filed a Complaint against the defendants.[3]  Pinnacle answered Mr. Lamer's Complaint on June 21, 2011.[4]  After Defendant First Premier filed a motion to dismiss the original complaint on July 25, 2011, Mr. Lamer filed an Amended Complaint on August 10, 2011.  The Amended Complaint contains three counts.  Count I alleges Experian, Equifax, and Trans Union committed a variety of willful and negligent violations of the FCRA.  Count II alleges further willful and negligent violations of the FCRA by First

---

[2]The disputed accounts allegedly were opened at institutions including, but not limited to, AFNI Inc., American Express, Arrow, Bank of America, Capital One Bank USA, Cavalry, Elite Recovery Services, First Premier, Midland, Pinnacle, Plaza Associates, LLC, and Verizon Wireless.

[3]The original Complaint did not name Cavalry or Midland.

[4]Pinnacle's Answer did not raise any objections to personal jurisdiction.

Premier, Pinnacle, Arrow, Cavalry and Midland.  Count III asserts that Pinnacle, Arrow, Cavalry and Midland committed various violations of the FDCPA.

On September 12, 2011, Pinnacle filed the instant Motion to Dismiss (Doc. No. 30) for lack of personal jurisdiction and failure to state a claim.

## II.     DISCUSSION

### A.     Personal Jurisdiction

Federal Rule of Civil Procedure 4(e) allows a district court to exercise personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits.  See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-resident defendants "to the constitutional limits of the due process clause of the Fourteenth Amendment."  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (citation omitted) (interpreting 42 Pa. Cons. Stat. Ann. § 5322(b)).

Due process requires that (1) the defendant have "minimum contacts" with the forum state, and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."  Remick, 238 F.3d at 255 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985))).

A federal court may exercise personal jurisdiction over a defendant in one of two ways.

General personal jurisdiction is appropriate when a cause of action "arises from the defendant's

non-forum related activities," and the defendant's contacts with the forum are continuous and

systematic.  Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 151 n.3

(3d Cir. 1995); see also Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 n.1 (3d Cir. 2002)

(noting distinction); Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–416 (1984)).  By contrast,

specific personal jurisdiction can be invoked when a cause of action arises from the defendant's

forum-related activities.  Vetrotex, 75 F.3d at 151.

A party waives the defense of lack of personal jurisdiction under Rule 12(b)(2) if it

"fail[s] to either: (i) make it by motion . . . or (ii) include it in a responsive pleading. . . ."  Fed. R.

Civ. P. 12(h)(1)(B); see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de

Guinee, 456 U.S. 694, 704 (1982) ("A defense of lack of jurisdiction over the person . . . is

waived if not timely raised in the answer or a responsive pleading.")  Where a defendant files an

answer and fails to raise the defense of lack of personal jurisdiction, "[t]he filing of an amended

complaint will not revive the right to present by motion defenses that were available but were not

asserted in timely fashion prior to the amendment of the pleading" absent new matter in the

amended complaint.  5C Charles Alan Wright, et al., Federal Practice & Procedure § 1388 (3d

ed. updated 2011);  Jimenez v. Rosenbaum-Cunningham, Inc., No. 07-1066, 2010 WL 1303449,

at *5 n.5 (E.D. Pa. Mar. 31, 2010) ("The filing of [an] Amended Complaint d[oes] not . . . revive

her right to assert this defense once she failed to raise it in her first responsive pleading."); Abady

v. Macaluso, 90 F.R.D. 690, 692 (E.D. Pa. 1981) ("[A] party may not raise a personal

jurisdictional objection to an amended complaint if she waived that objection to the initial

complaint."); <u>Rowley v. McMillan</u>, 502 F.2d 1326, 1332-33 (4th Cir. 1974) ("An unasserted

defense available at the time of response to an initial pleading may not be asserted when the

initial pleading is amended..").

 Here, Pinnacle answered Mr. Lamer's original complaint and did not make any objection

to the Court's exercise of personal jurisdiction.  In fact, in response to paragraph 9 of Mr.

Lamer's original complaint, Pinnacle admitted that it "regularly conducts business in

Philadelphia, Pennsylvania," an explicit acknowledgment of the Court's general jurisdiction over

Pinnacle.  Pinnacle did not make any attempt to amend its Answer after it was filed to include

such an objection, and took no action when co-Defendant First Premier filed a motion to dismiss.

Therefore, the defense of lack of personal jurisdiction was waived by Pinnacle when it failed to

include it as an affirmative defense in its Answer to the original complaint.  Fed. R. Civ. P.

12(h)(1).  Because Pinnacle waived this defense, Rule 12(g) prevents the defense from being

revitalized even though Mr. Lamer filed an amended complaint.  Fed. R. Civ. P. 12(g).

 Accordingly, the Court need not consider the merits of Pinnacle's personal jurisdiction

objections.

### B. Failure to State a Claim

 A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  <u>Conley v. Gibson</u>,

355 U.S. 41, 45-46 (1957).  Although Rule 8 of the Federal Rules of Civil Procedure requires

only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.

R. CIV. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)

(quoting Conley, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Id. (citations

omitted). The question is, briefly stated, has the claimant presented a "plausible" claim for

relief? Specifically, "[f]actual allegations must be enough to raise a right to relief above the

speculative level . . . ." Id. at 1965 (citations omitted). The question is not whether the claimant

will ultimately prevail but whether the complaint is "sufficient to cross the federal court's

threshold." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011) (citations omitted); see also

Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1323 (2011). Nonetheless, to survive a

motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (confirming that Twombly applies to all civil cases).

The Court "must only consider those facts alleged in the complaint and accept all of those

allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that

courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)").

Although the Court must accept as true all reasonable inferences that may be drawn from the

allegations, and view those facts and inferences in the light most favorable to the non-moving

party, Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989), the Court need not accept as true

"unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino

Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co.,

147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions."

Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

Mr. Lamer alleges in Count II that Pinnacle willfully and negligently violated the FCRA in a litany of ways resulting in negative effects on his credit history.  Specifically, Count II alleges that Pinnacle failed to comply with the requirements imposed on furnishers of information upon receiving notice of dispute, including the duty to investigate, to review all relevant information, to report the results of the investigations to the consumer reporting agencies, to cooperate and participate in reinvestigations by the credit reporting agencies, and to refrain from reporting inaccurate information after reinvestigation.  15 U.S.C. § 1681s-2(b).[5]

Count III alleges that Pinnacle violated the FDCPA when it (1) made false representations about the amount, character, or legal status of Mr. Lamer's debt, 15 U.S.C. § 1692e(2)(A); (2) used false, deceptive, or misleading representations or means in connection with the collection of the debt, 15 U.S.C. § 1692e(10); (3) communicated or threatened to communicate to a person credit information which is known or which should be known to be false, including failing to communicate that the disputed debt is disputed, 15 U.S.C. § 1692e(8); and (4) used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

Pinnacle argues that Counts II and III of the Amended Complaint must be dismissed for failure to state a claim.  However, its only argument in support of its Motion to Dismiss is that the Amended Complaint fails to allege any facts supporting that Pinnacle received a notice of

---

[5]Count II also asserts that Pinnacle obtained a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose in violation of 15 U.S.C. §§ 1681n(b) and 1681q, and falsely certified to a consumer reporting agency that it had a permissible purpose to obtain a consumer report and impermissibly accessing Mr. Lamer's consumer report in violation of 15 U.S.C. § 1681b.

dispute from Mr. Lamer or a consumer reporting agency.  As a result, Pinnacle only challenges

Mr. Lamer's claims under 15 U.S.C. § 1681s-2(b) for Count II, and 15 U.S.C. § 1692e(2)(A), 15

U.S.C. § 1692e(10), 15 U.S.C. § 1692e(8), and 15 U.S.C. § 1692f for Count III.

In order to state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff "must allege that: (1)

she sent notice of disputed information to a consumer reporting agency, (2) the consumer

reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed

to investigate and modify the inaccurate information."  Shulick v. Experian, No. 11-3809, 2011

WL 4346335, at *3 n.1 (E.D. Pa. Sept. 16, 2011); Jaramillo v. Experian Info. Solutions, Inc., 155

F. Supp. 2d 356, 363 (E.D. Pa. 2001).  "[A] private plaintiff may not sue under section

1681s-2(b) unless he alleges that the furnisher of information has indeed received notice from a

credit reporting agency."  Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 WL

1820935, at *8 (E.D. Pa. Apr. 22, 2008) (quoting Mullarkey v. Best Buy Corp., No. 07-912, 2007

WL 1816474, at *2 (E.D. Pa. June 21, 2007)).  Likewise, Mr. Lamer's FDCPA allegations relate

to Pinnacle making false representations or omissions about a debt or using false or deceptive

means to collect a debt.  Because the Amended Complaint does not contain any allegations

suggesting that Pinnacle had independent knowledge that the reported information was

purportedly inaccurate, Mr. Lamer's FDCPA allegations similarly rely on Pinnacle having

received notice of the dispute.

Pinnacle argues that Paragraphs 19 and 20, the only two paragraphs in the Amended

Complaint that assert Mr. Lamer lodged a dispute, are inadequate to maintain the claims against

Pinnacle.  Paragraph 19 provides that Mr. Lamer "has disputed the inaccurate information with

Defendants by both oral and written communications to their representatives and by following

Experian's, Trans Union's and Equifax's established procedure for disputing consumer credit information." Amend. Compl. ¶ 19. Paragraph 20 alleges that Mr. Lamer "has disputed the inaccurate information with Defendants Experian, Trans Union, and Equifax, including but not limited to, from May 2009 through the present." Id. ¶ 20. Pinnacle argues that neither of these paragraphs state which Defendant(s) received the disputed inaccurate information either directly from Mr. Lamer or from the consumer reporting agencies, whether they received oral or written communication, nor when the disputes were lodged.

The Court disagrees with Pinnacle that Mr. Lamer's allegations lack clarity with respect to whether Mr. Lamer alleges that Pinnacle received notice of the dispute. Paragraph 1 of the Amended Complaint unambiguously defines the "Defendants" to include Pinnacle. Therefore, it is clear that Mr. Lamer alleged in paragraph 19 that he disputed the inaccurate information with Pinnacle directly. Likewise, paragraph 19 of the Amended Complaint alleges that Mr. Lamer disputed the inaccurate information with the "Defendants" by "both oral and written communications." Thus, the question of "what form" Pinnacle was informed of the disputes is clear on the face of the Amended Complaint: both oral and written communications. With respect to the timing of the dispute, although Mr. Lamer's Amended Complaint does not contain allegations specifying the precise date that he disputed the information directly with the Defendants, it does allege that he disputed the information with the consumer reporting agencies beginning in May 2009. When and if the consumer reporting agencies in turn gave notice to Pinnacle of the dispute are questions to be resolved in discovery, not on the pleadings. See Jamarillo, 155 F. Supp. 2d at 358; Shulick, 2011 WL 4346335, at *3.

Indeed, the allegations of the Amended Complaint against Pinnacle are practically

identical to the allegations against Pinnacle in the original complaint.  Pinnacle had no

discernable difficulty responding with detailed admissions and denials to those allegations

against it in the original complaint.  Therefore, it should have no difficulty doing the same with

the Amended Complaint.

Accordingly, Pinnacle's motion to dismiss is denied.


**IV.    CONCLUSION**

For the reasons discussed above, the Court will deny Pinnacle's Motion to Dismiss.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE